UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND GEN-CONNECT, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13530-IT |
| | * | |
| US CARBURETION, INC., and JOHN M. KELLER, | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

August 10, 2015

TALWANI, D.J.

I.   Introduction

Plaintiff New England Gen-Connect, LLC ("Plaintiff") filed this action seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,448,924 entitled "Alternative-Fuel Inductor for Engines" (the "Patent"). Presently before the court are Defendants US Carburetion, Inc. ("US Carb") and John Keller's ("Keller") Motion to Dismiss Amended Complaint [#21] and Plaintiff's Motion for Leave to File a Surreply [#27]. Keller moves for dismissal for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Additionally, Keller and US Carb move for dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). The court exercises its discretion to address the question of personal jurisdiction first. For the reasons set forth below, Defendants' motion to dismiss is ALLOWED as to Keller. Plaintiff's Motion for Leave to File a Surreply [#27] is ALLOWED. Defendants' motion as to US Carb remains under advisement.

II.     Factual Background

Plaintiff is a Massachusetts company with its principal place of business in Massachusetts. Am. Compl. ¶ 4 [#10]. Keller is a resident of West Virginia. Id. ¶ 5; see also Mot. Dismiss Ex. B ¶ 2 [#21-2]. Plaintiff alleges that Keller is the owner of the Patent. Am. Compl. ¶ 2. US Carb is a West Virginia corporation with its principal place of business in West Virginia. Id. ¶ 6; Mot. Dismiss Ex. B, ¶¶ 3-4. US Carb has sold and shipped products to Plaintiff in Massachusetts on fifteen different occasions over the last two years. Am. Compl. ¶ 8.

On August 8, 2014, US Carb sent a letter to Plaintiff asserting, *inter alia*, that US Carb owned the Patent and that Plaintiff's making and selling of its Honda EU2000i Propone Kit constitutes infringement of the Patent. Am Compl. ¶ 13; id. Ex. 1 (letter).

In an affidavit, Keller affirms, *inter alia*, that he has not personally entered into any licensing agreements or other contracts with Massachusetts individuals or entities, he does not own or rent any real property in Massachusetts, and he has not personally been involved in any prior litigation in Massachusetts. Mot. Dismiss Ex. B.

III.    Discussion

Keller moves for dismissal on the ground that he has no contacts with Massachusetts. In its opposition, Plaintiff asserts that US Carb acted as Keller's agent in sending the cease-and-desist to Plaintiff in Massachusetts, and thus US Carb's contact with Massachusetts in sending the letter should be imputed to Keller. See Pl.'s Opp'n Mot. Dismiss 8-15 [#22]. Plaintiff further asserts that the act of sending the cease-and-desist letter to Massachusetts is sufficient to give rise to personal jurisdiction. See id.

"The issue of personal jurisdiction in a declaratory action for non-infringement is

'intimately related to patent law' and thus governed by Federal Circuit law regarding due process." Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006) (quoting Silent Drive, Inc. v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003)). "[W]here the district court's disposition as to the personal jurisdiction question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a *prima facie* showing that defendants are subject to personal jurisdiction." Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003). "In the procedural posture of a motion to dismiss, a district court must accept the uncontroverted allegations in the plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." Id.

The Federal Circuit has repeatedly held that "cease-and-desist letters alone do not suffice to justify personal jurisdiction." Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998); see also Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 789 (Fed. Cir. 2011) ("[O]rdinary cease-and-desist notices sent by a patentee to an alleged infringing party in a different state are not sufficient to subject the patentee to specific jurisdiction in that state."); Breckenridge Pharm., 444 F.3d at 1363 ("[P]ersonal jurisdiction may not be exercised constitutionally when the defendant's contact with the forum state is limited to cease and desist letters, 'without more.'" (quoting Red Wing Shoe, 148 F.3d at 1360)). Accordingly, Plaintiff's assertion of personal jurisdiction over Keller based on the cease-and-desist letter fails.

At the hearing on Defendants' motion, Plaintiff argued for the first time that the facts of this case parallel those in Breckenridge. In Breckenridge, the court held that personal jurisdiction over a patent holder was proper where the patent holder had sent letters into the forum state and entered into an exclusive licensing agreement with a company that conducted business in the forum state, where the exclusive licensing agreement contemplated a relationship

3

between the patent holder and the company beyond the payment of royalties.  444 F.3d at 1366.  The exclusive licensing agreement in <u>Breckenridge</u> granted the company-licensee the right to sue for infringement with the patent holder's consent and required the company-licensee and patent holder to consult and cooperate in enforcement actions.  <u>Id.</u> at 1366-67.  Here, Plaintiff did not present evidence or allege in its amended complaint that Keller and US Carb have entered into an exclusive licensing agreement, much less that any such agreement contemplated a relationship similar to that in <u>Breckenridge</u>.  Although the issue of jurisdictional discovery was briefly raised at the hearing, Plaintiff has neither formally requested jurisdictional discovery, nor provided support for such a request to the court.  On this record, the court cannot find jurisdictional discovery warranted.  Accordingly, Plaintiff has not met its burden to establish personal jurisdiction over Keller under the *prima facie* standard.

IV.   <u>Conclusion</u>

For the above-stated reasons, Defendants' <u>Motion to Dismiss Amended Complaint</u> [#21] is ALLOWED IN PART.  Keller's motion to dismiss for lack of personal jurisdiction is ALLOWED, and the claims against Keller are hereby dismissed without prejudice.  US Carb's motion to dismiss for lack of subject matter jurisdiction remains under advisement.

At the hearing, the parties suggested that Keller may be a necessary party to a declaratory judgment action on the Patent and that Plaintiff may not wish to continue in this forum without Keller as a defendant.   Pursuant to Rule 41(a)(1), Plaintiff may dismiss its action against US Carb without prejudice (i) before US Carb serves an answer or motion for summary judgment or (ii) by stipulation of dismissal signed by all parties who have appeared.  If Plaintiff does not dismiss the action against US Carb before September 9, 2015, the court will address US Carb's

motion to dismiss for lack of subject matter jurisdiction.

    IT IS SO ORDERED.

|  |  |
|---|---|
| Date: August 10, 2015 | /s/ Indira Talwani<br>United States District Judge |