UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NEW ENGLAND GEN-CONNECT, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13530-IT |
| | * | |
| US CARBURETION, INC., and JOHN M. KELLER, | * | |
| | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

December 8, 2015

TALWANI, D.J.

Presently before the court is Defendant US Carburetion, Inc.'s ("US Carb") Motion to Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) and Amend Order and Stay Proceedings Pending Appeal [#37].  US Carb asks the court to certify for interlocutory review the court's November 6, 2015 Memorandum & Order [#36] denying US Carb's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).

Pursuant to 28 U.S.C. § 1292(b), the court may certify an interlocutory appeal where the court's order "[1] involves a controlling question of law [2] as to which there is substantial ground for difference of opinion" and "[3] an immediate appeal from the order may materially advance the ultimate termination of the litigation."  "[I]nterlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority."  Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9

(1st Cir. 2005) (internal quotation marks and citation omitted).  "As a general rule, [the First Circuit] do[es] not grant interlocutory appeals from a denial of a motion to dismiss."  Id.  This reflects the court's "policy preference against piecemeal litigation, as well as prudential concerns about mootness, ripeness, and lengthy appellate proceedings."  Id. (internal citation omitted).

US Carb has not demonstrated that the court's November 6 order involves an issue for which there is "substantial grounds for difference of opinion."  Although the court's November 6 order analyzes the "case or controversy" requirement in the context of a somewhat novel set of facts involving a two-year covenant not to sue, the underlying legal standard for whether a declaratory judgment action satisfies the "case or controversy" requirement is not novel but has been set forth and applied by the Supreme Court and Federal Circuit.  See, e.g., MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118 (2007) (setting forth standard); Already, LLC v. Nike, Inc., 133 S. Ct. 721 (2013); Benitec Austl., Ltd. v. Nucleonics, Inc., 495 F.3d 1340 (Fed. Cir. 2007) (applying standard); see also In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (noting "that the mere presence  of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion"); White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994) ("[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases."); United Air Lines v. Gregory, 716 F. Supp. 2d 79, 92 (D. Mass. 2010) ("[A] 'difference of opinion' suited for a § 1292 appeal does not arise every time a court is called up on to apply a particular legal principal to a novel fact pattern.  Instead, the issue must relate to the actual legal principal itself, not the application of that principle to a particular set of facts.").

Moreover, US Carb has not identified any authority contrary to the court's ruling. Compare Rodriguez v. Banco Cent., 917 F.2d 664, 665 (1st Cir. 1990) ("Because the circuits are

divided about the proper answer to this question, and because the district court followed the minority view, we agreed to answer the question."), with White, 43 F.3d at 378 (declining to grant interlocutory review where the movant "ha[d] cited no law to the contrary").

US Carb's argument that Leatherman Tool Grp. V. Bear MGC Cutlery Inc., No. 98-889, 1998 WL 1064778 (D. Or. Dec. 2, 1998) represents contrary authority is not persuasive. In Leatherman, the district court held that the declaratory judgment plaintiff did not have a reasonable apprehension of suit, and thus there was no actual controversy between the parties, because the defendant had never threatened to file an infringement action and the parties had been engaged in licensing negotiations prior to litigation. Id. at *3. Thus, the court found that it lacked jurisdiction before reaching the question of the defendant's subsequent offer of a one-year covenant not to sue. Id. The court then found that the covenant "confirm[ed]" its prior conclusion that the declaratory judgment plaintiff did not have a reasonable apprehension of suit. Id. at *4. Contrary to US Carb's assertions, the court in Leatherman did not hold that the one-year covenant divested the court of jurisdiction that it otherwise held, and Leatherman does not demonstrate "substantial grounds for difference of opinion."

Because this case does not present "exceptional circumstances" warranting interlocutory review, US Carb's Motion to Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) and Amend Order and Stay Proceedings Pending Appeal [#37] is DENIED.

IT IS SO ORDERED.

Date: December 8, 2015

/s/ Indira Talwani
United States District Judge