UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND GEN-CONNECT, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-13530-IT |
| | * |
| US CARBURETION, INC., | * |
| | * |
| Defendant. | * |

ORDER

February 11, 2016

TALWANI, D.J.

I.    Introduction

Plaintiff New England Gen-Connect, LLC ("Gen-Connect") filed this action seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. 8,448,924 entitled "Alternative-Fuel Inductor for Engines" (the "Patent"). Presently before the court is Defendant US Carburetion, Inc. ("US Carb") Renewed Motion to Dismiss Amended Complaint. [#42]. For the reasons below, US Carb's renewed motion to dismiss for lack of subject matter jurisdiction is DENIED.

II.    Discussion

Defendant's previous motion to dismiss alleged, among other things, that a three-year covenant not to sue extinguished the controversy between the parties, thereby divesting the court of subject matter jurisdiction. Mot. and Mem. to Dis. Am. Compl. [#21 at 6]. The court denied Defendant's original motion, finding that the limited duration of the covenant, Gen-Connect's expressed intent to continue to manufacture and sell the accused product after the expiration of

the covenant, and US Carb's representation that it aggressively enforces its valuable patent rights created a substantial controversy between the parties of "sufficient immediacy and reality to warrant issuance of a declaratory judgment." Mem. and Order [#36 at 8] (quoting MedImmune, Inc. v. Gentech, Inc., 549 U.S. 118, 127 (2007)).

US Carb's renewed motion to dismiss is based on an "Extended Irrevocable Covenant Not to Sue, Conditioned upon Dismissal of Declaratory Judgment Claims" extending the covenant not to sue by an additional four years. Mem. in Supp. Renewed Mot. to Dis. [#43, Ex. 4]. US Carb now promises "not to bring any suit prior to December 31, 2021 for patent infringement by Gen-Connect." Id. US Carb also promises not to assert any claim of patent infringement based on Gen-Connect's (1) manufacture, importation, distribution, use, offer for sale, or sale of any product "prior to the date of this Covenant," or (2) manufacture, importation, distribution, use, offer for sale, or sale of "any future product by Gen-Connect being identical to the product Gen-Connect currently sells . . . between now and December 31, 2021." Id.

US Carb argues that given the extended covenant, Gen-Connect has no "*reasonable*" apprehension of suit. Mem. in Supp. Renewed Mot. to Dis. [#43 at 2] (emphasis original). "[A]ny lingering apprehension of suit that might subjectively reside in Plaintiff for potential activities in 2022 or later could hardly be said to be a *reasonable* apprehension of suit. Moreover, the mere slight possibility of a suit so many years in the future over potential activities so many years in the future is just too speculative and lacks the immediacy needed to maintain the present suit as a matter that is presently ripe for adjudication by the Court." Id. (emphasis original).

US Carb's contention is unavailing. Gen-Connect is currently manufacturing and selling the accused product and intends to continue to manufacture and sell the accused product. Opp'n

Renewed Mot. to Dis. [#50 at 3]. The patent, which was issued in 2013, would still be enforceable long after December 2021. Opp'n Mot. to Dis. [#9 at 5]; see also U.S. Patent No. 8,448,924 (issued May 28, 2013).[1] The extended covenant not to sue merely extends the period of uncertainty as to whether Gen-Connect should continue to grow and expand its current product line. In considering the totality of the circumstances, the court finds that there remains a "substantial controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment." See MedImmune, Inc., 549 U.S. at 127.

V.     Conclusion

For the reasons set forth above, US Carb's Renewed Motion to Dismiss Amended Complaint [#42] for lack of subject matter jurisdiction is DENIED.

IT IS SO ORDERED.

Date:  February 11, 2016

/s/ Indira Talwani
United States District Judge

---

[1] The Patent is a public record subject to judicial notice on a motion to dismiss. Kaempe v. Myers, 367 F.3d 958, 965 (1st Cir. 2004) ("The documents recorded by the PTO were not attached to Kaempe's complaint. However the cited documents are public records subject to judicial notice on a motion to dismiss.").